## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ERIKA J. DEMBY )
)
Plaintiff, )
) C.A. No. N15C-06-236 CEB
v. )
)
DELAWARE RACING )
ASSOCIATION d/b/a DELAWARE )
PARK )
)
Defendant. )

Date Submitted: October 15, 2015
Date Decided: January 28, 2016

## ORDER GRANTING DEFENDANT'S MOTION
## FOR SUMMARY JUDGMENT

This 28th day of January, 2016, upon consideration of Defendant's Motion for Summary Judgment; Plaintiff's Response to Defendant's Motion for Summary Judgment; and Defendant's Reply to Plaintiff's Response, it appears that:

1.     Plaintiff filed her Complaint against Defendant seeking to recover damages for personal injuries sustained from a slip and fall on black ice at Delaware Park on December 14, 2013.  Plaintiff alleges that Defendant was negligent in failing to take reasonable measures to make the premises safe for Plaintiff as a business invitee.

1

2.    Before us now is Defendant's Motion for Summary Judgment. Defendant argues that it is entitled to judgment as a matter of law because the Continuing Storm doctrine suspended its duty to make the premises safe for business invitees until a reasonable time elapsed after the termination of an ongoing storm.    Plaintiff contends that the Continuing Storm doctrine is inapplicable here because it was not snowing at the time of the alleged accident and therefore, Defendant had an affirmative duty to keep the premises reasonably safe but failed to do so.

3.    The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[1]  The moving party has the initial burden of showing that no material issues of fact exist, and when that is met, the burden shifts to the non-moving party to show that a material issue of fact does exist.[2]  On a motion for summary judgment, the Court views all facts in a light most favorable to the non-moving party.[3]  "When the facts permit a reasonable

[1] Super. Ct. Civ. R. 56.

[2] *Moore v. Sizemore*, 405 A.2d 679, 680-81 (Del. 1979).

[3] *See Matas v. Green*, 171 A.2d 916, 918 (Del. Super. 1961).

person to draw only one inference, however, the question becomes one for decision by the Court as a matter of law."[4]

4.      Generally, a landowner has an affirmative duty to its business invitees to keep its premises reasonably safe from the dangers created by the natural accumulation of snow and ice.[5] The Continuing Storm doctrine creates a caveat to this general rule by providing, "as a matter of law, that a landowner engages in 'reasonable conduct' by waiting until the end of the storm before commencing snow removal operations."[6] In other words, "a business establishment . . . is permitted to await the end of the storm and a reasonable time thereafter to remove ice and snow from an outdoor entrance walk, platform, or steps."[7] Specifically, the Delaware Supreme Court affirmed this Court's holding that "a landowner has no legal duty to begin ice removal until precipitation has stopped, regardless of the severity of the storm."[8]

---

[4] *Elder v. Dover Downs, Inc.*, 2012 WL 2553091, at *2 (Del. Super. Jul. 2, 2012).

[5] *Woods v. Prices Corner Shopping Center Merchants Assoc.*, 541 A.2d 574, 577 (Del. Super. 1988).

[6] *Elder*, 2012 WL 2553091, at *2 (citing *Young v. Saroukos*, 185 A.2d 274, 282 (Del. Super. 1962) *aff'd*, 189 A.2d 437 (Del. 1963)).

[7] *Young*, 185 A.2d at 282.

[8] *Cash v. E. Coast Prop. Mgmt., Inc.*, 2010 WL 2336867, at *2 (Del. Super. June 8, 2010) *aff'd*, 7 A.3d 484 (Del. 2010).

5. "Where the facts are contested and various inferences may be reasonably drawn from them regarding the start and end of a snow storm, it must be left to the jury to determine whether, under the conditions presented, the landlord's conduct in failing to clear the snow was reasonable."[9] But the facts presently before the Court leave no room for debate and "allow for a straightforward application of the Continuing Storm doctrine as a matter of law."[10] Defendant relies on a weather report documenting the weather at the Greater Wilmington Airport on December 14, 2013. The report indicates that a storm arrived in the afternoon of December 14, 2013 with weather conditions alternating between light snow, freezing rain, and heavy rain from 2:40 p.m. through the time of Plaintiff's fall at 8:41 p.m. and continued at least until midnight. Defendant also submitted a surveillance video that shows Plaintiff's fall and confirms that there was freezing rain at the time of the fall.

6. Plaintiff's only evidence to the contrary is her own affidavit stating that it was not snowing at the time of the accident. Plaintiff does not dispute that there was freezing rain at the time of the accident. Snow is not required to implicate the Continuing Storm doctrine, but rather a "light drizzle" is sufficient to

---

[9] *Elder*, 2012 WL 2553091, at *4.

[10] *Id.*

establish an ongoing storm.[11] Moreover, unsupported conclusory denials in an affidavit "do not constitute admissible factual evidence, and hence cannot be relied upon to raise a genuine issue of material fact."[12] Because Plaintiff has not presented any evidence that would allow a jury to reasonably conclude that the storm had abated at the time of her fall, the Court concludes the Continuing Storm doctrine discharged Defendant's duty to clear snow and ice at the time of Plaintiff's accident as a matter of law.

7. Plaintiff further argues that even if the Continuing Storm doctrine temporarily suspended Defendant's duty to remove snow and ice at the time of Plaintiff's fall, Defendant failed to take reasonable steps to eliminate the hazardous condition, i.e., rope off the icy patch to prevent patrons from traversing it. But, as this Court noted in *Morris v. Theta Vest, Inc.*, "[i]n the case of a continuing storm, reasonable conduct *is* to await the storm's end. That is true whether successful or vain efforts to take some earlier action occurred."[13] Thus, even if Defendant was able to "rope off" hazards caused by icy conditions during a storm, its failure to do

---

[11] *Cash*, 2010 WL 2336867 at *2.

[12] *Kennedy v. Giannone*, 1987 WL 37799, at *1 (Del. June 16, 1987).

[13] 2009 WL 693253, at *2 (Del. Super. Mar. 10, 2009) *aff'd*, 977 A.2d 899 (Del. 2009) (emphasis in original); *Kovach v. Brandywine Innkeepers Ltd.*, 2001 WL 1198944, at *2 (Del. Super. Oct. 1, 2001) ("The duty of a landowner to make premises safe is ongoing, and it is a duty to use reasonable precautions. [W]aiting until the precipitation subsides is reasonable conduct on the part of the landowner during a snowstorm.").

so was not unreasonable. Rather, as the Continuing Storm doctrine provides, it was reasonable for Defendant to wait for the storm to come to an end before addressing hazardous conditions on the sidewalk.

8.    Based on the foregoing, Defendant's Motion for Summary Judgment is **GRANTED**.

**IT IS SO ORDERED**.

Judge Charles E. Butler